IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 APR -2 PM 2:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CHARLES SHANE BOOTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-J-2714-S |
| | ) | |
| WAL-MART STORES, INC, and | ) | |
| STEPHEN L. GEHRING | ) | |
| CONSTRUCTION, | ) | |
| | ) | |
| Defendants / Third Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIMPLEXGRINNELL, L.P., | ) | |
| | ) | |
| Third-Party Defendants. | | |

ENTERED
APR 2 2003

## MEMORANDUM OPINION

Pending before the court is third party defendant Simplex Grinnell, L.P.'s motion for summary judgment (doc. 40). The court has reviewed third party defendant's motion and is of the opinion that it is due to be granted.[1]

### I. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

---

[1] Third party plaintiffs Stephen L. Gehring Construction and Wal-Mart filed an opposition to this motion on April 1, 2003 (doc. 45). However, this opposition was filed more than 30 days after third party plaintiffs' deadline for response to third party defendant's motion. *See* Doc. 5 at Exh. A. Additionally, no motion was filed by third party plaintiffs to file this opposition out of time. Accordingly, this opposition is stricken and not considered by the court.

46

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

Third party plaintiffs Wal-Mart and Stephen L. Ghering Construction brought this third-party action against SimplexGrinnell in an effort to seek indemnity from SimplexGrinnell for any damages attributed to them in the personal injury action by plaintiff Charles Shane Boothe. This claim is based upon an indemnity provision located within the contract between third party plaintiffs and third party defendant. The contract states in pertinent part:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, the Architect, the Contractor...against all claims, damages, loss and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of the Subcontractor's Work provided that:
> (a) any such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property...*to the extent caused or alleged to be caused in whole or in any part by any negligent*

3

*act or omission of the Subcontractor* or anyone directly or indirectly employed by the Subcontractor or anyone for whose acts the Subcontractor may be liable, regardless of whether it is caused in part by a party indemnified hereunder.

Exh. D at ¶ 12.1 (emphasis added).

In *McInnis Corp. v. Nichols Concrete Construction, Inc.*, the court found, in a situation with similar contractual indemnity language, that the third party defendant was not required to indemnify the third party plaintiff because no allegation had been made or evidence presented that the third party defendant was responsible for the injuries. 733 So.2d 418, 420 (Ala. Civ. App. 1998). Since there has been no allegation that SimplexGrinnell caused, in any manner, the injuries suffered by plaintiff, SimplexGrinnell is not required to indemnify defendants pursuant to the explicit terms of the contract between the parties. Accordingly, SimplexGrinnell is entitled to summary judgment as to third party plaintiff's contractual indemnity claim.

## IV. Conclusion

Based upon all of the foregoing, third party defendant's motion for summary judgment is **GRANTED**. Third party plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this the 2nd day of April 2003.

Inge P. Johnson
U.S. District Judge